Blanchard vs. Baillieux.

## No. 9343.

### AURORE BLANCHARD VS. HENRY BAILLIEUX.

Article 138 of the Civil Code relative to separation from bed and board, remains in force and was not repealed by Act 76 of 1870 and Act 122 of extra session of 1870.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Beattie*, J.

*Knobloch, Moore & Badeaux* for Plaintiff and Appellant.

Defendant and Appellee unrepresented.

The opinion of the Court was delivered by

FENNER, J. This is a suit for separation from bed and board. It comes upon a statement of facts made by the judge *a quo* establishing habitual drunkenness, cruelty, blows, and the most outrageous conduct on the part of the defendant husband towards his innocent wife, rendering their living together insupportable, and making it, as the judge himself says, intolerable that the " children, some of them young girls, should be made the witnesses of such conduct and the auditors of such language."

From the foregoing it might be supposed that this was an appeal from a judgment in favor of plaintiff. Strange to say, we find it to be an appeal by the wronged wife from a judgment rejecting her demand.

The district judge, evidently unaware of our repeated decisions, to the contrary, 32 Ann. 1174, 35 Ann. 872, assigns, as reasons for his judgment, that Art. 138 of the Civil Code was repealed by Act No. 76 of 1870, which was itself repealed by Act 122 of 1877, Ex. Sess., and that Louisiana is left without any laws as to separation from bed and board.

The effect of such a construction would be to obliterate a whole title of the Code, and leave the State equally without any law on the subject of divorce; for, with Art. 138 blotted out, even Art. 139 is ineffective and meaningless, and the remaining articles of Title V are superlatively senseless.

It would be impossible for any one to suppose that such was the legislative intent, and, even under the most technical construction, no such effect can be attributed to the acts referred to.

Act 76 of 1870 contained no repealing clause; it contained nothing inconsistent with Art. 138 ; it did not, in any manner, restrict its provisions ; it simply added to, and enlarged the causes of separation mentioned in the Article. Therefore, it did not, expressly or by implication, repeal Art. 138.

The form of the act was simply an attempted compliance with the requirements of Art. 115 of the Constitution of 1868.

The obvious intent and true legal effect of Act. 122 of 1877 was merely to destroy and remove the additions and enlargements to Art 138, which had been made by the amending Act of 1870, and to leave the Article as it stood before the passage of the amendment.

Common sense and practical judgment support this conservative construction; and to the purely technical and verbal arguments, which oppose it, we say: "*Nimia subtilitas in jure reprobatur et talis certitudo certitudinem confundit.*

Impelled by the adverse opinion of the district judge, we have thus reviewed the grounds of our former decisions, and find abundant reason to adhere to them. We trust they will be henceforth accepted as definitive on this vexed question.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from, be annulled, avoided and reversed; and it is now ordered, adjudged, and decreed that plaintiff do have and recover against defendant, Henry Bailleux, decreeing a separation from bed and board between the said plaintiff, Mrs. Aurore Blanchard, wife, and Henry Bailleux, husband. And it is further ordered, adjudged, and decreed, that the care and custody of the following named minors, issue of the marriage between said plaintiff and defendant, viz: Henri Bailleux, Louis Bailleux, Marguerite Bailleux, Marie Bailleux, Leontine Bailleux, and Rosina Bailleux, be and are hereby awarded to said plaintiff, and it is further ordered, that defendant pay costs of the lower court and of this appeal.

Judgment reversed.